FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
MAR 1 0 2016
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:16-00047 |
| v. | ) | |
| | ) | 18 U.S.C. § 1343 |
| JOHN OSCAR WILSON, III | ) | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this information:

1. **JOHN OSCAR WILSON, III,** a resident of Antioch, Tennessee, was a licensed insurance producer in the State of Tennessee and the owner and operator of an insurance agency known as Preserve Financial Group, Inc., (hereinafter "PFG") located in the metropolitan area of Nashville, Tennessee. WILSON was not licensed as an investment advisor or financial planner, nor did he have any other license enabling him to sell securities.

2. Individual A and Individual B were residents of the Middle District of Tennessee.

3. Beginning on an unknown date, but at least as early as August 2005, and continuing until on or about November 2014, in the Middle District of Tennessee and elsewhere, defendant **JOHN OSCAR WILSON, III,** devised and intended to devise a scheme to defraud and to obtain money from his clients and various insurance agencies by means of material false pretenses, representations, and promises, and by acts of concealment of the scheme, and in furtherance thereof used interstate wires, which scheme is further described in the following paragraph.

4. It was part of the scheme to defraud that **JOHN OSCAR WILSON, III,** in order to obtain increased commissions, would advise clients to remove their money from their existing tax-deferrable investments and purchase multiple insurance products failing to disclose to his clients the consequences of the repeated investments including adverse tax consequences and substantial surrender charges.

5. It was further a part of the scheme to defraud that **JOHN OSCAR WILSON, III,** would convince some of his clients to surrender insurance policies and/or annuities and provide **WILSON** with the funds from the surrender by deceiving clients into believing that the money would be used to invest in another insurance policy or annuity, when in truth the money was not invested, but was deposited into the PFG account and used primarily for the defendant's personal benefit.

6. It was further a part of the scheme to defraud that **JOHN OSCAR WILSON, III,** would convince some of his clients to surrender insurance policies and/or annuities and provide **WILSON** with the funds from the surrender by deceiving clients into believing that they were investing in PFG by buying stock in the company, when in truth there was no such stock, and the money was deposited into the PFG account and used primarily for the defendant's personal benefit.

7. It was further a part of the scheme to defraud that **JOHN OSCAR WILSON, III,** in order to obtain increased commissions would cause funds removed from the surrender of client accounts to be transferred, via FedWire, to various accounts, including accounts owned by defendant and PFG. Defendant then used the funds for his own personal use.

COUNTS ONE THROUGH TWO

8. On or about the dates set forth below with respect to each count, in the Middle District of Tennessee and elsewhere, defendant **JOHN OSCAR WILSON, III,** for the purpose of executing the

scheme, and attempting to do so, knowingly did cause to be transmitted by means of wire communications in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 1 | January 12, 2012 | Fax Transmission from Preserve Financial Group in Tennessee to Allianz Life in Minnesota with Withdrawal Request Form for Annuity Owned by Individual A stating "Please Process ASAP! Urgently Needed" |
| 2 | July 3, 2013 | FedWire Transfer in the Amount of $88,000 from Individual B's Account at First Tennessee Bank to PFG Account at Fifth Third Bank |

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1. The allegations of paragraphs 1 through 6 of this information are incorporated by reference as if fully set forth herein.

2. Upon conviction of the charges set forth in this Information, **JOHN OSCAR WILSON, III,** shall forfeit to the United States, pursuant to Title 18 United States Code Section 981(a)(1)(C) and Title 18, United States Code Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme or artifice to defraud as alleged in Counts One through Seven, including but not limited to a money judgment in the minimum amount of $701,746.90 as proceeds of the violations.

3. If, as a result of any act or omission of **JOHN OSCAR WILSON, III,** any property subject to forfeiture:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

3

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and it is the intent of the United States to seek the forfeiture of any other property of **JOHN O. WILSON, III,** up to the value of the forfeitable property described above as substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c) including but not limited to a money judgment in the minimum amount of $701,746.90.

DAVID RIVERA
United States Attorney for the
Middle District of Tennessee

SANDRA G. MOSES
Assistant United States Attorney

THOMAS J. JAWORSKI
Assistant United States Attorney